# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5913 | **DATE** | December 29, 2011 |
| **CASE TITLE** | Garry L. Tobias (#2011-0516134) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [5] is denied without prejudice. Plaintiff has not informed the court whether he seeks to proceed as part of the class in *Parish v. Sheriff of Cook County*, No. 07 C 4369 (Feinerman, J.), or whether he seeks to opt out of the class and proceed individually with this suit. Plaintiff is given 30 days from the date of this order to inform the court in writing which way he would like to proceed. If Plaintiff chooses to proceed with this case separate from the class, the court will reconsider his *in forma pauperis* application and stay this case for the reasons set out in this order. Plaintiff's failure to respond in writing to this order within 30 days may be construed as his desire to proceed as part of the class and will result in the dismissal of this case without prejudice to him proceeding with his claim as a member of the *Parish* class.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Garry L. Tobias (#2011-0516134), incarcerated at the Cook County Jail, filed this civil rights action against Tom Dart, the jail, and its medical staff. Plaintiff alleges that he entered the jail on May 15, 2011, that he informed medical personnel upon entering that he was in need of his prescription eye drops for Glaucoma and blood pressure medication, but that he did not receive such medications, even after repeated requests. Plaintiff's *in forma pauperis* ("IFP") application submitted with his complaint was incomplete as it did not include a copy of his prison trust fund account statement.

On September 14, 2011, the court entered an order requiring Plaintiff both to submit a completed IFP application or prepay the $350 filing fee and to inform the court whether he seeks to proceed with a suit separate from the class action established in *Parish v. Sheriff of Cook County*, No. 07 C 4369 (Feinerman, J.) (Order of Oct. 24. 2008, certified as a class "all persons confined at the Cook County Jail on and after August 3, 2005, who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with appropriate medication within 24 hours thereafter").

Plaintiff has submitted an *in forma pauperis* application, which includes a copy of his trust fund statement, but has not informed the court whether he wants to proceed as part of the *Parish* class or individually with this case. The *in forma pauperis* application indicates that, at the time Plaintiff submitted his complaint for filing, he had an average monthly deposit of $18.00, which would require an initial partial filing fee of $3.60 and monthly deductions from his trust fund account until the entire $350 filing fee is paid. However, because Plaintiff has still not informed the court whether he seeks to proceed with the class action in *Parish* or separately on his own with this suit, the court will deny the current *in forma pauperis* application without prejudice. If Plaintiff seeks to proceed individually, separate from the class, he may request to reconsideration of his current application.

As noted above and in the court's prior order, Plaintiff falls within the definition of a member of the *Parish* class. In class actions certified under FED. R. CIV. P. 23(b)(3), which *Parish* is, members of a class are "automatically included and remain so unless they make a timely election to opt out." *Sperling v. Hoffman-LaRoche, Inc.*, 24 F.3d 463, 470 (3rd Cir. 1994); *see also Turner v. Publishers Clearing House Executives*, 39 Fed. Appx. 446, 447 (7th Cir. 2002). Plaintiff is thus a class member until he opts out, at which time, he may proceed with the instant suit. The case is *Parish*, however, currently does not have any opt-out provisions and there is no

| STATEMENT |
|---|
| means yet established by which he can opt-out. If Plaintiff chooses to proceed with this case separately from the class, the court may reconsider his motion to proceed *in forma pauperis* and stay this case until he is able to successfully opt-out, after opt-out procedures are established in *Parish*.<br><br>      In sum, within thirty days of the date of this order, Plaintiff must notify the court in writing whether he wants to proceed with his claims as a *Parish* class member, or proceed individually with this suit separate from the class, after opt-out procedures have been set in *Parish* and the stay has been lifted in this case. If Plaintiff fails to notify the court within thirty days of the date of this order, the court will assume he seeks to proceed as a member of the class in *Parish* and will dismiss the instant case without prejudice. |