# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5913 | **DATE** | April 3, 2012 |
| **CASE TITLE** | Garry L. Tobias (#2011-0516134) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* ("IFP") [8] is denied as unnecessary. Plaintiff's previous IFP application [5] provides sufficient information to make an IFP determination. The court grants Plaintiff's request to proceed IFP. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. Plaintiff is given 30 days from the date of this order to submit an amended complaint asserting claims not covered by the class in *Parish v. Sheriff of Cook County*, No. 07 C 4369 (Feinerman, J.) and naming as Defendants the parties responsible for those claims. The clerk shall forward an amended complaint form to Plaintiff. His failure to submit an amended complaint will result in the imposition of a stay of the current complaint until he can proceed in a suit separate from the *Parish* class action.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

   Plaintiff Garry L. Tobias (#2011-0516134), incarcerated at the Cook County Jail, filed this civil rights action against Tom Dart, the jail, and its "medical staff." Plaintiff alleges that he entered the jail on May 15, 2011, that he informed medical personnel upon entering that he was in need of his prescription eye drops for Glaucoma and blood pressure medication, but that he did not receive such medications, even after repeated requests. (Compl. at 4-5.) Plaintiff further states that he filed several grievances but received no responses in July or August 2011, and that his request slips submitted on June 14, 21, and July 5, 12, 2011, to Superintendent Robert Lyles, the officer in charge of Division J where Plaintiff was housed, were ignored. (*Id.* at 5.)

   In its prior orders, the court informed Plaintiff that he is a member of the class in *Parish v. Sheriff of Cook County*, No. 07 C 4369 (Feinerman, J.). The *Parish* court's order of Oct. 24. 2008, certified as a class "all persons confined at the Cook County Jail on and after August 3, 2005, who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with appropriate medication within 24 hours thereafter." This court thus requested that Plaintiff inform whether he wanted to proceed as a member of the class or separately with his own suit after opting out of the class, once such opt-out procedures were established. *See Sperling v. Hoffman-LaRoche, Inc.*, 24 F.3d 463, 470 (3rd Cir. 1994) (members of a class are "automatically included and remain so unless they make a timely election to opt out"); *see also Turner v. Publishers Clearing House Executives*, 39 Fed. Appx. 446, 447 (7th Cir. 2002). Plaintiff has responded that his claims are not part of the *Parish* class because they involve the denial of medication weeks after his intake, as opposed to only the first 24 hours. (Doc. #7, 1/20/12 letter.) On further review of the complaint, it appears that Plaintiff has raised claims that are both covered and not covered by the *Parish* class.

   Plaintiff's claim that he informed Cook County Jail intake medical staff that he was taking prescribed Glaucoma and blood pressure medication but received no medication within 24 hours clearly falls within the class. It is unclear from the class certification whether such claims end 24 hours after the detainee's intake or continue for the duration of time that the detainee is denied prescribed medication; however, Plaintiff's claims that weeks after his intake, he submitted written requests to Superintendent Lyles, but received no responses appear separate from the class. Superintendent Lyles, however, is not named as a Defendant.

   Accordingly, if Plaintiff wants to proceed with this case separate from the *Parish* class, he must (1) submit

## STATEMENT

an amended complaint that asserts claims not covered by the class (i.e., claims that his requests for medication, submitted after his intake into the jail, were ignored) and name the responsible parties as Defendants or (2) opt out of the class in *Parish*, either by following opt-out procedures in that case, once they are established, or by filing a motion in the *Parish* case requesting to be allowed to opt out at the current time. Plaintiff is given 30 days to submit an amended complaint in accordance with this order. The clerk shall send Plaintiff an amended complaint form.

Plaintiff's failure to submit an amended complaint that may proceed separate from the *Parish* class suit will result in both this case proceeding with its current claims, which include at least one *Parish* claim, and the imposition of a stay of these proceedings until opt-out procedures are in place in that suit. At that time Plaintiff will be required to opt-out or have his *Parish* claim dismissed.