Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5913 | **DATE** | May 14, 2012 |
| **CASE TITLE** | Garry L. Tobias (#2011-0516134) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* ("IFP") [#12] is stricken as unnecessary as Plaintiff's prior application [#5] is sufficient. The Court grants Plaintiff IFP status and calculates the initial partial filing fee based upon his prior application. The trust fund officer at Plaintiff's place of confinement is directed to make deductions from Plaintiff's account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff's amended complaint [#11] may proceed against Tom Dart and Superintendent Robert Lyles. The clerk shall issue summonses for service of the amended complaint on these Defendants. The other Defendants are dismissed.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Garry L. Tobias (#2011-0516134), incarcerated at the Cook County Jail, has filed an amended complaint in accordance with this Court's April 3, 2012, order. Plaintiff alleges that he entered the jail on May 15, 2011, that he informed medical personnel upon entering that he was in need of his prescription eye drops for Glaucoma and blood pressure medication, but that he did not receive such medications, even after repeated requests. Plaintiff further states that he filed several grievances but received no responses in July or August 2011, and that his request slips submitted in June and July 2011 were ignored by Superintendent Robert Lyles, the officer in charge of Division J where Plaintiff was housed. Plaintiff names Sheriff Tom Dart, Superintendent Lyles, Cook County Jail, as well as its "Medical Staff" and its "Executive Staff" as Defendants.

Neither the Cook County Jail, nor its medical and executive staffs are suable entities separate from Cook County. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). These Defendants are thus dismissed. However, as more fully explained in the Court's April 3, 2012, order, Plaintiff's assertions about continued denial of his medications by medical personnel and Superintendent Lyles state colorable claims that appear to be separate from claims covered by the class action suit in *Parish v. Sheriff of Cook County*, No. 07 C 4369 (Feinerman, J.). *See* (Doc. #10, Order of 4/3/12.) Accordingly, Plaintiff may proceed against Lyles and Dart, who may provide the names of individual medical persons who were directly involved with Plaintiff's claims of being denied medications for months after he entered the jail.

The U.S. Marshal is appointed to serve Tom Dart and Superintendent Lyles. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return forms may result in the dismissal of Defendants. If these Defendants are no longer employed at the Cook County Jail, officials there shall furnish their last known addresses, which shall be used only to effectuate service, and which shall neither be kept in the court file, nor disclosed by the Marshal. The Marshal may mail requests for waivers of service to Defendants pursuant to Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal shall attempt personal service.

Plaintiff's *in forma pauperis* application (Doc. #5) indicates that he cannot prepay the $350 filing fee. The court thus grants his IFP motion and assesses an initial partial filing fee of $5.13. The trust fund account officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's

| STATEMENT |
|---|
| income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.<br><br>      Plaintiff must file all future papers concerning this action with the clerk of court in care of Prisoner Correspondent. Plaintiff must provide the court with the original plus a judge's copy, including exhibits, of every document filed. Copies of court filings must be sent to Defendants or their attorney, if one has entered an appearance. All court filings must include a certificate of service stating to whom copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court and/or returned to Plaintiff. |